TROTTER and DOUGLAS *against* CURTIS.

The plaintiffs, who were in the practice of receiving the produce of the defendant, a country merchant, and freighting the same to *New-York,* and accepting his drafts, under an engagement that the produce was to be in their store, at or before the drafts became payable, charged a *commission* of *two and a half per cent.* on all advances made by them to meet the drafts, where the defendant had no funds in their hands, and the interest from the time the different items of their account became due: *Held,* that the *commission,* in this case, was not usurious, or a cover for an usurious transaction, but a customary allowance for the trouble and inconvenience of transacting the business.

THIS was an action of *assumpsit,* tried at the *Albany* circuit, in *April,* 1820, before Mr. Justice *Woodworth.* The plaintiffs were in the business of commission merchants, and of receiving goods and produce, and freighting the same to *New-York.* They accepted the drafts of the defendant, a country merchant, under an agreement, that the produce should be in their store, at or before the drafts became payable. In their account with the defendant, they charged a commission of 2 1-2 per cent. on the amount of the money advanced to meet drafts, where the defendant failed to send produce in time, according to his agreement, and interest on the items charged in their account, from the 'time they became due. It was proved, that the defendant had transacted business with the plaintiffs, for several years, and the plaintiffs had uniformly charged a commission of 2 1-2 per cent. on advances made to meet the drafts of the defendant; and that such was the practice of other persons in the same line of business.

The defendant objected to the charge of the commission of 2 1-2 per cent. as usurious.

A verdict was found for the plaintiff, for the balance of his account, including the commission of 140 dollars and 54 cents; and it was agreed, that if the Court should be of opinion, that the commission was not recoverable, the verdict should be reduced accordingly.

*M'Kown,* for the plaintiffs.

*L'Amoreux,* contra. He cited *Dunham* v. *Dey,* 13 *Johns. Rep.* 41. *Dunham* v. *Gould,* 16 *Johns. Rep.* 367. 1 *Campb. N. P. Rep.* 137.

SPENCER, Ch. J. delivered the opinion of the Court. There is no pretence for saying, that the commission of 2 1-2

per cent. charged by the plaintiff, for accepting and paying the defendant's drafts, when the plaintiffs had not funds in their hands belonging to the defendant, out of which to pay the drafts when due, was usurious. There is nothing in this case, showing that this was a cover for the loan of money ; but it was charged and assented to by the defendant, as a reasonable compensation for the expense and trouble in negotiating the business in relation to the drafts. It is entirely a different case from that of *Dunham* v. *Dey*, (13 *Johns. Rep.* 40.) and from the cases in 1 *Campb.* 177. and 2 *Campb.* 599. In *Auriol and another* v. *Thomas*, (2 *Term Rep.* 52. and in the notes.) Mr. Justice *Buller*, in the principal case, said, that in *Benson* v. *Parry*, the Court were unanimously of opinion, that extra charges might be allowed, though they amounted to more than five *per cent.*, if they were fair and reasonable, and not as a colour for usury. These remarks were applied to the claim of country bankers taking more than five per cent. on inland bills. Judge *Buller* mentioned several other cases, in which the usage to take not only five per cent. but, also, a reasonable sum for remitting, and other necessary incidental expenses, had been sanctioned by the Court. In *Palmer* v. *Baker*, (1 *Maule & Selwyn*, 56.) the question was, whether the sum of 200 pounds, agreed to be allowed as a compensation for trouble, in addition to the reservation of five *per cent.* interest, was intended as an additional *bonus* for the advance of money or not. The Judges placed their determination of the cause on the inquiry, whether the reservation was a motive for the advance of the money. If it was, they pronounced it usurious ; but if it was referable to the trouble only, then they pronounced the transaction a fair one. I am perfectly satisfied, that in this case, the 2 1-2 per cent. was never intended as a cover for the advance of money, with a usurious intention, but that it was a fair, usual, and customary allowance, for the trouble and inconvenience in transacting the business ; and that, accordingly, the plaintiffs must have judgment, for 140 dollars and 54 cents.

Judgment for the plaintiffs.